**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| In Re: | ) | Case No.: 3:16-bk-31310 |
| | ) | |
| James D Gentry | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Guy R. Humphrey |
| | ) | |

**MOTION TO STRIKE OBJECTION TO CONFIRMATION OF PLAN OF STATE OF OHIO DEPARTMENT OF TAXATION (Doc. #34)**

Now comes Debtor, by and through counsel, and pursuant to Fed.R.Civ.P. 12(f), made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7012(f), moves this Court for an order striking the Objection of Creditor State of Ohio Department of Taxation to Confirmation of Debtor's Amended Plan.[1] (Doc. #34). The Objection was not timely filed, the Creditor failed to follow the local rules and Fed.R.Bankr.P. 9006 in seeking permission for the tardy filing, and granting the untimely Objection will result in prejudice to the Debtor. In support of his Objection, Debtor states as follows.

**FACTS AND PROCEDURAL HISTORY**

The Debtor filed his Chapter 13 petition and original plan on April 27, 2016. (Doc. #s 1 and 5, respectively). The purpose of the filing is help the Debtor and his family save their residence from foreclosure and to continue to deal with the

---

[1] The State of Ohio Department of Taxation is hereinafter referred to as "Creditor" or "Department of Taxation".

outstanding tax debt owed to the State of Ohio in a responsible manner and one permitted by household income.[2]

On May 18, 2016, Debtor filed his First Amended Chapter 13 Plan to address the treatment of an executory contract held by Acceptance Now. (Doc. #15). On June 22, 2016, in response to both an objection to confirmation filed by Capital One Auto Finance (Doc. #13) and to Trustee concerns regarding the First Amended Plan, the Debtor filed a Second Amended Plan. (Doc. #22).

Service of the original and two amended plans was successfully made upon Creditor and upon the office of Special Counsel, Charles Mifsud, LLC, representing the Department of Taxation.

The Plans contained the following language describing the proposed treatment of the tax claim held by the Creditor:

> The secured debt owed to the State of Ohio Department of Taxation shall be paid as a Class 1 claim with a fixed monthly payment of $500.00. The Debtor waives discharge of any and all otherwise non-dischargeable amounts due as of the petition date that are not paid through the Chapter 13 plan.

(*Chapter 13 Plan*, Doc. #5, para. 19);

> The secured debt owed to the State of Ohio Department of Taxation shall be paid as a Class 1 claim with a fixed monthly payment of $500.00. The Debtor waives discharge of any and all otherwise non-dischargeable amounts due as of the petition date that are not paid through the Chapter 13 plan.

(*First Amended Plan*, Doc. #15, para. 19); and finally,

---

[2] The Debtor proceeds here in good faith. It is noteworthy that immediately prior to the filing of the case, he made payment of at least $7,311.08 on an account to the State of Ohio in the approximate amount of $8,281.08.

> The secured and priority debt owed to the State of Ohio Department of Taxation shall be paid as a Class 1 claim with a fixed monthly payment of $500.00.  The non-priority, unsecured claims are to receive nothing.  In the event there is a basehold claim, all excess funds will be paid to the State of Ohio Department of Taxation.  In the event that the claim of the State of Ohio Department of Taxation is not paid in full, Debtor waives discharge of any and all non-dischargeable amount remaining at the end of the case.

(*Second Amended Plan*, Doc. #22, para. 19).

Each of the Debtor's three proposed plans contained nearly identical language regarding the treatment of the State of Ohio claim, with the Second Amended Plan creating even more favorable treatment vis-à-vis the application of any and all excess funds to the State's claim.

On July 22, 2016, the Creditor filed its Objection to Confirmation to the Second Amended Plan, 30-days after the filing of the Second Amended Plan.  (Doc. #34).  In spite of the Creditor's untimely filing, the Objection was not accompanied by a motion requesting permission to file its untimely objection out of time, as required by Rule 9006(b) and 3015-3(a)(1).

## ARGUMENT

The Objection to Confirmation filed by the Creditor should be striken.  The Objection was not timely filed, the Creditor has not requested permission for nor demonstrated excusable neglect for the out-of-time filing, and granting the late-filed Objection would be prejudicial to the Debtor.

The federal rules of bankruptcy procedure provide that a court may strike an insufficient defense or any redundant or immaterial matter.  Fed.R.Bankr.P. 7012(f).  As described more fully, below, this includes the exclusion of late-filed materials.  (*In re*

*Steffensen*, 534 B.R. 180 (Bankr. Utah 2015); see also, *Blankenship v. Parke Care Centers, Inc*. 913 F.Supp. 1045, 1049 (S.D. Ohio 1995)).

The Local Bankruptcy Rules, specifically LBR 3015-2(a), requires that all pre-petition plan amendments contain a written twenty-one (21) day notice to the Creditor stating that the failure to timely respond may result in the granting of the requested relief or amendment.  LBR 3015-3(a) requires that untimely objections be accompanied by a separate motion to file the objection out of time setting forth a valid reason for the delay.

The separate motion requirement in LBR 3015-3(a) shadows the language in Fed.R.Bankr.P. 9006(b), which requires the showing of "excusable neglect" in a motion to file a required document out-of-time. Rule 9006(b)(1).  This requirement, in the context of a motion to strike, was recently addressed by the *Steffensen* court. Therein, the court granted the moving party's motion to strike where the opposing party filed required documents just one day out of time, stating, in part:

> When the Rules require that an act be performed within a certain period, a party may obtain an extension of time through Federal Rule of Bankruptcy Procedure 9006(b). ***When the extension is requested after the time period has expired, the moving party must show cause and file a motion demonstrating that its failure to act within the specified time period was due to excusable neglect.*** The Defendant did not file a Rule 9006(b) motion, invoke that Rule in his objection or at oral argument, argue excusable neglect, or make an informal request to extend the time to provide his corrections to April 10, 2015. ***A deadline missed, even if only by one day, does not evince compliance, and in the absence of a Rule 9006(b) motion, the Court concludes that the Motion to Strike could be granted on the untimeliness . . . alone***.

*In re Steffensen*, 534 B.R. at 188-89 (emphasis added).

In this case, the Debtor utilized the mandatory amended chapter 13 plan form containing the approved 21-day notice provision. Thus, the Creditor knew, or should have known, of the result of a late filing. Nevertheless, the Creditor filed its Objection out-of-time, but failed to accompany the untimely Objection with a separate motion seeking permission to do so stating a valid reason therefore, or as set forth in Rule 9006, "excusable neglect".

Finally, the granting of the late-filed objection will cause prejudice to the Debtor. As noted, this case was filed to save the Debtor's home from foreclosure. As of the date of filing, the Debtor was some $14,047.47 in arrears as of the petition date. (Doc. #22, para. 18). This arrearage resulted, in part, from the Debtor's payment through wage garnishment of a tax account due to the State of Ohio Department of Taxation. Specifically, the State garnished $831.17 from each of the Debtor's semi-monthly paychecks until at least $7,311.08 of the $8,281.08 balance was paid. Granting of the pending Objection will result in the re-instatement of a similar garnishment, thereby making it impossible for the Debtor to make his mortgage payment. The Debtor faces the distinct likelihood of losing his home if such a garnishment is reinstated.

**WHEREFORE**, Debtor respectfully requests that the Court grant his Motion, strike from the record the Creditor's Objection to Confirmation, and approve the Debtor's plan for confirmation.

Document      Page 6 of 7

Respectfully submitted,

/s/  Scott A. Kramer
Scott A. Kramer 0071997
130 W. Second Street
Suite 310
Dayton, Ohio 45402
937-222-1700
937-224-0420 (fax)
email: kramerbankruptcy@yahoo.com

**NOTICE OF MOTION/OBJECTION**

James D Gentry has filed papers with the court to strike from the record an objection to confirmation filed by the State of Ohio Department of Taxation.

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the motion/objection, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the motion/objection,** you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to the Clerk of the United States Bankruptcy Court located at 120 W. Third Street, Dayton, OH 45402 OR your attorney must file a response using the court's ECF System.

You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. Mail to:

Scott A. Kramer
130 W. Second Street
Suite 310
Dayton, OH 45402

Office of the United States Trustee
170 N. High Street, Suite 200
Columbus, OH 43215

Jeffrey Kellner
Chapter 13 Trustee
131 N. Ludlow Street, Suite 900
Dayton, OH 45402-1161

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion/objection and may enter an order granting the relief without further hearing or notice.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 3, 2016, a copy of the foregoing MOTION TO STRIKE OBJECTION TO CONFIRMATION OF PLAN OF STATE OF OHIO DEPARTMENT OF TAXATION (Doc. #34) was electronically served on the following ECF participants through the court's ECF system at the email address(es) registered with the court:

Office of the United States Trustee

Jeffrey M. Kellner
Chapter 13 Trustee

Charles F. Mifsud, Esq.
Special Counsel to the Attorney General
Erin Dooley, Esq.
Brian M Gianangeli, Esq.
The Law Offices of Charles Mifsud, LLC
Erin.dooley@mifsudlaw.com
bgianangeli@mifsudlaw.com

D. Anthony Sottile
Sottile & Barile, Attorneys at Law
Attorney for Capital One Auto Finance
bankruptcy@sottileandbarile.com

And on the following by regular U.S. Mail, postage pre-paid:
Debtor(s)

James D Gentry
655 Golf View Court
Vandalia, OH 45377

                                          /s/ Scott A. Kramer
                                          Scott A. Kramer 0071997
                                          Attorney for Debtor(s)